UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:19-CR-057-TAV-DCP-9 |
| | ) | |
| SHAKEELA MYON BRADLEY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

Defendant Shakeela Myon Bradley appeared before the undersigned on October 2, 2019, for a hearing on the Petition for Action on Conditions of Pretrial Release [Doc. 119]. Assistant United States Attorney Kevin Quencer appeared on behalf of the Government. Attorney Francis Lloyd, Jr., represented the Defendant, who was also present.

Defendant is charged with conspiring to knowingly and intentionally possess, with intent to distribute, 100 grams or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, and 40 grams or more of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, as well as conspiring to commit money laundering. [Doc. 47].

On April 15, 2019, Defendant presented for an Initial Appearance in the Eastern District of Michigan, and after a detention hearing on April 17, 2019, was released on bond with conditions of pretrial release. On April 30, 2019, Defendant appeared for an Arraignment in this Court, and United States Magistrate Judge H. Bruce Guyton placed the Defendant on conditional release pursuant to an Order Setting Conditions of Release [Doc. 44]. The conditions of Defendant's release include, in pertinent part, that she not commit any other federal, state, or local crimes,

submit to supervision by the United States Probation Office, not use or unlawfully possess an unprescribed narcotic drug or other controlled substance, submit to testing for prohibited substances, and participate in a program of inpatient or outpatient substance abuse therapy and counseling if directed by the pretrial services officer. The Government subsequently moved to revoke Defendant's pretrial release, contending that she committed multiple violations of the conditions of her release.

"A person who has been released under [18 U.S.C. §] 3142 . . . and who has violated a condition of his release, is subject to a revocation of release, an order of detention, and a prosecution for contempt of court." 18 U.S.C. § 3148(a). After a hearing, the Court *shall* revoke the defendant's release and detain the defendant, if it finds probable cause to believe the defendant has committed another crime while on release or clear and convincing evidence that the defendant has violated any other condition of release and the Court also finds "there is no condition or combination of conditions of release that will assure the person will not flee or pose a danger to the safety of any other person or the community" or that "the person is unlikely to abide by any condition or combination of conditions of release." 18 U.S.C. § 3148(b)(2). If the Court finds probable cause to believe that the defendant has committed a felony while on pretrial release, "a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community." 18 U.S.C. § 3148(b).

At the October 2, 2019 hearing, the Government moved to revoke bond relying upon the Petition for Action on Conditions of Pretrial Release, introduced as Exhibit 1. The Government asserts that there is probable cause to believe that Defendant committed the crime of illegal drug possession, due to her numerous positive drug tests. Further, the Government maintains that

Defendant violated numerous conditions of her release, including repeatedly testing positive for marijuana and cocaine, as well as possessing controlled substances. The Government alleges that Defendant is unlikely to abide by any condition or combination of conditions set forth because she failed to refrain from using narcotics, did not participate in an outpatient substance abuse therapy or counseling program, and did not remain in communication with the United States Probation Office.

Defendant did not refute the allegations in the Petition, but claims that additional conditions may be put in place to compel her compliance with the terms of her pretrial release, including continued participation in mental health treatment and educational programs, as well as a daily check-in with the United States Probation Office. During the hearing, Attorney Lloyd stated that Defendant is currently the mother of several minor children, and her oldest child is currently suffering mental health problems because of knowledge of Defendant's pending criminal case. Further, while Defendant acknowledged her multiple failed drug tests while on release, she maintains that she was only recently referred for a mental health assessment at the Wayne County Mental Health Authority on August 21, 2019. Plaintiff submits that she has currently been sober for over thirty days, and has been undergoing classes at Wayne County Community College to attempt to obtain her G.E.D.

In the instant case, the Court conducted a hearing pursuant to 18 U.S.C. § 3148 to determine whether the Defendant violated the terms of her pretrial release and, if a violation has occurred, whether sanctions are appropriate. Ultimately, the Court finds by clear and convincing evidence that Defendant has violated several conditions of her release, as well as that Defendant is unlikely to abide by any condition or combination of conditions of release in the future.

The Court notes that following Defendant's release on pretrial supervision, she has continued to test positive for marijuana and cocaine, failed to report for substance abuse screening and treatment, and has been provided multiple opportunities for substance abuse treatment. After testing positive on May 6, 2019 for marijuana, cocaine, and opiates, Defendant was admitted into an inpatient detoxification program at Shar House in Detroit, Michigan. Defendant subsequently completed the detoxification treatment on May 12, 2019. However, Defendant tested positive for cocaine on May 15, 2019; marijuana on May 20 and 29, as well as, June 11, 2019; and cocaine and marijuana on June 4, 2019. After completing a Substance Abuse Assessment at Shanle Psychological Services in Lincoln Park, Michigan, Plaintiff tested positive for marijuana on June 20, 26, and July 2, 2019. Lastly, Defendant tested positive for marijuana on July 8, 2019, and tested positive for marijuana and cocaine on July 15, 24, and August 5, 14, 19, and 21, 2019.

Therefore, since her release, Defendant has exhibited a continued pattern of failed drug tests, as well as several failures to report for substance abuse screening and substance abuse treatment programs, none of which she disputes. *See United States v. Crane*, No. 5:15-005-DCR, 2015 WL 4424957, at *4 (E.D. Ky. July 17, 2015) (finding any drug use in violation of conditional release is sufficient to revoke a detention order). Although Defendant claims her recent Mental Health Assessment on August 21, 2019 has assisted in the treatment of her drug addiction, the Petition for Revocation of Defendant's Pretrial Release [Doc. 119] relates that Defendant subsequently failed to report for substance abuse screening on August 22, 2019 and August 30, 2019. Additionally, Defendant failed to report for an intensive substance abuse outpatient treatment program, as directed by her supervising officer, on August 26, 2019, as well as on September 2, 2019, when the enrollment was rescheduled. Defendant has been given a chance to

4

address her acute drug issues while on supervision and forfeited that opportunity. Worse still, Defendant has continued to use controlled substances while on supervision.

Defendant has failed to set forth any conditions to convince the Court that she could abide by the previously imposed conditions. Further, the Court has considered other conditions that it might impose upon the Defendant, but it finds that Defendant's history of noncompliance and repeated failed drug tests reveals that she is unlikely to abide by any conditions that the Court might impose.

Accordingly, the Court finds that no condition or combination of conditions of release exist that will assure that the Defendant will not continue to commit violations. *See* 18 U.S.C. § 3148(b)(2). Accordingly, the Defendant's Order Setting Conditions of Release [**Doc. 44**] is hereby **REVOKED**.

The Defendant is **ORDERED** remanded to the custody of the United States Marshal to await her trial, which is presently scheduled for **April 28, 2020**. The Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded a reasonable opportunity for private consultations with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge